**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordani Emil Medrano, | No. CV-25-00164-PHX-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Arizona Department of Corrections, | |
| Defendant. | |

Plaintiff, pro se, has filed a complaint and moved to proceed in forma pauperis. The Court will screen the complaint.

**I.     Legal Standards**

> **A.     28 U.S.C. § 1915(e)(2)**
> Congress provided with respect to in forma pauperis cases that a district court "shall dismiss the case at any time if the court determines" that the "allegation of poverty is untrue" or that the "action or appeal" is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). While much of section 1915 outlines how prisoners can file proceedings in forma pauperis, section 1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) ("section 1915(e) applies to all in forma pauperis complaints"). "It is also clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim." *Id.* Therefore, this court must dismiss an in forma pauperis complaint if it fails to state a claim or if it is frivolous or malicious.
> …
> **B.     Rule 8, Federal Rules of Civil Procedure**
> A claim must be stated clearly enough to enable a

> defendant to frame a responsive pleading. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e)(1). A complaint having the factual elements of a cause of action present but scattered throughout the complaint and not organized into a "short and plain statement of the claim" may be dismissed for failure to satisfy Rule 8(a). *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988).

*Kennedy v. Andrews*, 2005 WL 3358205, *2-3 (D. Ariz. 2005).

## II.    Complaint

In this case, it is difficult to summarize Plaintiff's complaint. Plaintiff names one Defendant: the Arizona Department of Corrections ("ADOC"). (Doc. 1). Plaintiff claims that ADOC "endangered my work crew and myself during traffic and high speeds in freeways." (Doc. 1 at 4). The Court cannot discern Plaintiff's theory for how ADOC allegedly put him in danger. Plaintiff is not in custody. Plaintiff's in forma pauperis application indicates that he was working for Gold Medal Landscaping from approximately January 2024 to August 2024. (Doc. 2 at 2). This employment history suggests Plaintiff was not in custody at that time. Plaintiff's employment dates mirror the dates Plaintiff claims ADOC "endangered" him. (Doc. 1 at 4). On this record the Court cannot determine Plaintiff's relationship to ADOC or how ADOC could possibly be liable for the alleged endangerment.

Although Gold Medal Landscaping is not a named Defendant in the caption of the complaint, the body of the complaint perhaps could be interpreted as Plaintiff attempting to also bring a claim against Gold Medal Landscaping. Plaintiff appears to claim that employees of Gold Medal Landscaping accused Plaintiff of being a pedophile. (Doc. 1 at 4). Assuming the Court has correctly guessed what Plaintiff is attempting to alleged, and assuming Plaintiff intended to bring a claim against Gold Medal Landscaping, the Court finds Plaintiff has failed to state a claim. Plaintiff fails to explain how Gold Medal Landscaping would be responsible for its employees (alleged) statements to Plaintiff.[1]

---

[1] Similarly, Plaintiff claims that Gold Medal Landscaping "allowed" the "church of

Finally, the Court is concerned about subject matter jurisdiction. Because the Court cannot even guess the cause of action Plaintiff claims to bring, the Court cannot determine its subject matter jurisdiction. However, the Court notes that Plaintiff checked a box on his complaint that says subject matter jurisdiction is present because he is bringing suit against Federal officials in a *Bivens* action. ADOC is not a Federal official. Thus, the claimed basis for subject matter jurisdiction in the complaint is not supported by the complaint itself.

### III. Leave to Amend

The Court can deny a plaintiff an opportunity to amend if any amendment would be futile. *See Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2003) (holding that futility is a basis upon which to deny the opportunity to amend). Here, the Court is very skeptical that the deficiencies in the complaint can be cured by amendment. However, because the complaint is devoid of specifics, the Court is unsure whether amendment is futile. Thus, the Court will give Plaintiff **ONE** opportunity to amend. In any amendment, Plaintiff must:

> make clear his allegations in short, plain statements with each claim for relief identified in separate sections. In the amended complaint, Plaintiff must write out the rights he believes were violated, the name of the person who violated the right, exactly what that individual did or failed to do, how the action or inaction of that person is connected to the violation of Plaintiff's rights, and what specific injury Plaintiff suffered because of the other person's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976). Each claim of an alleged violation must be set forth in a separate count. Any amended complaint filed by Plaintiff must conform to the requirements of Rules 8(a) and [(d)(1)] of the Federal Rules of Civil Procedure.

*Kennedy*, 2005 WL 3358205, *3 (D. Ariz. 2005).

In other words, if Plaintiff chooses to file an amended complaint, and the Court still cannot determine Plaintiff's theory against the Defendant(s), the Court will dismiss the complaint and will determine Plaintiff is unwilling to or incapable of making a clear statement of his claims; thus, further leave to amend would be futile.

---

Mormons and its missionaries" to take certain actions. The complaint fails to make any allegation that would make Gold Medal Landscaping responsible for any actions by these third-parties.

## IV. Conclusion

Based on the foregoing,

**IT IS ORDERED** granting the Application to Proceed in District Court without Prepaying Fees or Costs (Doc. 2).[2]

**IT IS FURTHER ORDERED** that the complaint (Doc. 1) is dismissed with leave to file an amended complaint by February 14, 2025. If Plaintiff fails to file an amended complaint within this deadline, the Clerk of the Court shall enter judgment dismissing this case.

Dated this 31st day of January, 2025.

James A. Teilborg
Senior United States District Judge

---

[2] The Court finds, based on Doc. 2, that Plaintiff does not have the resources to pay the filing fee. *See Escobedo v. Applebees,* 787 F.3d 1226, 1234-36 (9th Cir. 2015).

- 4 -