**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jordani Emil Medrano,<br><br>Plaintiff,<br><br>v.<br><br>Arizona Department of Corrections,<br><br>Defendant. | No. CV-25-00164-PHX-JAT<br><br>**ORDER** |

On January 21, 2025, Plaintiff, pro se, filed a complaint and moved to proceed in forma pauperis. This Court granted in forma pauperis status and screened the complaint pursuant to 28 U.S.C. § 1915(e)(2). (Doc. 5). The Court summarized the claims in the prior complaint as follows:

> In this case, it is difficult to summarize Plaintiff's complaint. Plaintiff names one Defendant: the Arizona Department of Corrections ("ADOC"). (Doc. 1). Plaintiff claims that ADOC "endangered my work crew and myself during traffic and high speeds in freeways." (Doc. 1 at 4). The Court cannot discern Plaintiff's theory for how ADOC allegedly put him in danger. Plaintiff is not in custody. Plaintiff's in forma pauperis application indicates that he was working for Gold Medal Landscaping from approximately January 2024 to August 2024. (Doc. 2 at 2). This employment history suggests Plaintiff was not in custody at that time. Plaintiff's employment dates mirror the dates Plaintiff claims ADOC "endangered" him. (Doc. 1 at 4). On this record the Court cannot determine Plaintiff's relationship to ADOC or how ADOC could possibly be liable for the alleged endangerment.
>
> Although Gold Medal Landscaping is not a named Defendant in the caption of the complaint, the body of the complaint perhaps could be interpreted as Plaintiff attempting to also bring a claim against Gold Medal Landscaping. Plaintiff appears to claim that employees of Gold Medal Landscaping accused Plaintiff of being a pedophile. (Doc. 1 at 4). Assuming the Court has correctly guessed what Plaintiff is attempting to allege[], and assuming Plaintiff intended to bring a claim against Gold Medal

>    Landscaping, the Court finds Plaintiff has failed to state a claim. Plaintiff fails to explain how Gold Medal Landscaping would be responsible for its employees (alleged) statements to Plaintiff.[1]
>
>    Finally, the Court is concerned about subject matter jurisdiction. Because the Court cannot even guess the cause of action Plaintiff claims to bring, the Court cannot determine its subject matter jurisdiction. However, the Court notes that Plaintiff checked a box on his complaint that says subject matter jurisdiction is present because he is bringing suit against Federal officials in a *Bivens* action. ADOC is not a Federal official. Thus, the claimed basis for subject matter jurisdiction in the complaint is not supported by the complaint itself.

(Doc. 5 at 2–3) (footnote in original).

In the Order, this Court concluded that Plaintiff failed to state a claim, but gave Plaintiff leave to amend. (*Id*. at 4). In granting Plaintiff leave to amend, the Court gave Plaintiff instructions regarding how to state a claim, and cautioned Plaintiff that, "if Plaintiff chooses to file an amended complaint, and the Court still cannot determine Plaintiff's theory against the Defendant(s), the Court will dismiss the complaint and will determine Plaintiff is unwilling to or incapable of making a clear statement of his claims; thus, further leave to amend would be futile." (*Id*. at 3–4).

Plaintiff timely amended his complaint on February 13, 2025. (Doc. 6). In reviewing the amended complaint, the Court will first address its subject matter jurisdiction. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003).

Federal courts are courts of limited jurisdiction. As a result, they can hear only those cases that the Constitution and Congress have authorized them to adjudicate: namely, cases involving diversity of citizenship, a federal question, or cases to which the United States is a party. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party asserting jurisdiction bears the burden of proving a jurisdictional basis exists. *Id.* In this case, because Plaintiff filed suit in federal court, Plaintiff must show that the federal court is authorized to hear the case.[2]

---

[1] Similarly, Plaintiff claims that Gold Medal Landscaping "allowed" the "church of Mormons and its missionaries" to take certain actions. The complaint fails to make any allegation that would make Gold Medal Landscaping responsible for any actions by these third-parties.

[2] *See also Medrano v. Ramirez et al.*, CV 25-163-PHX-JJT (D. Ariz. Jan. 23, 2025)

- 2 -

As quoted above, the Court previously raised the issue of subject matter jurisdiction. (Doc. 5 at 3). In the amended complaint, Plaintiff failed to plead federal subject matter jurisdiction.

Specifically, in the amended complaint, Plaintiff names only one Defendant: Gold Medal Landscaping.  Plaintiff lists his own address as Arizona (Doc. 6 at 2) and Gold Medal Landscaping's address as Arizona (*id.*); thus, Plaintiff has failed to establish there is diversity jurisdiction.  *See* 28 U.S.C. § 1332.

In the amended complaint, Plaintiff claims there is jurisdiction based on 42 U.S.C. § 1983 because he is suing a state or local official. (Doc. 6 at 3).  However, Plaintiff makes this allegation by checking a box.  Nothing in the amended complaint actually alleges Gold Medal Landscaping is a state actor for purposes of § 1983.  Further, Plaintiff's allegations do not shed any light on how Gold Medal Landscaping could be a state actor.  All of Plaintiff's allegations revolve around Gold Medal Landscaping allegedly allowing the "church of Mormons" to accuse Plaintiff of being a pedophile (and related conduct). (Doc. 6 at 4).  These allegations fail to establish federal question jurisdiction. *See* 28 U.S.C. § 1331.

As the Court previously stated, Plaintiff will not be given further opportunities to amend because the Court has already explained the deficiencies in the complaint to Plaintiff and how to cure them.  (Doc. 5 at 3).  Because Plaintiff has, after such explanation, still failed to cure the deficiencies, the Court finds further amendment would be futile.

Therefore,

**IT IS ORDERED** that this case is dismissed, without prejudice, for lack of federal subject matter jurisdiction and the Clerk of the Court shall enter judgment accordingly.

Dated this 26th day of February, 2025.

James A. Teilborg
Senior United States District Judge

---

(explaining the same jurisdictional issue to this Plaintiff).